### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 5:24-cv-00648-SVW-KES                      Date: April 10, 2024

Title: IAN LAMONTE CORMIER v. THE PEOPLE OF THE STATE OF CALIFORNIA, et al.

PRESENT:

#### THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

|  Jazmin Dorado  |  Not Present  |
| :---: | :---: |
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| :---: | :---: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **Order Dismissing Complaint (Dkt. 1) Without Prejudice and With Leave to Amend**

     Ian LaMonte Cormier ("Plaintiff") has filed a <u>pro se</u> civil rights complaint under 42 U.S.C. § 1983 ("Complaint" at Dkt. 1). The Court has reviewed the Complaint and finds that it should be dismissed with leave to amend, because it (a) fails to comply with Federal Rule of Civil Procedure 8, (b) improperly joins multiple, unrelated claims in a single lawsuit, and (c) appears to bring claims barred by Eleventh Amendment immunity.

### I.   SUMMARY OF PLAINTIFF'S CLAIMS AND ALLEGATIONS

#### A.   <u>Defendants and Legal Theories</u>

     The Complaint names the following Defendants: (1) three Riverside County Sheriff's Deputies: Horta, Ramos, and Doe; (2) two Moreno Valley Police Department Detectives, Leon and Gil. (Compl. at 3-4.) He also lists "the People of the State of California" as a Defendant in the caption of the Complaint. (<u>Id.</u> at 1.)

     The Complaint seeks compensatory and punitive damages under 42 U.S.C. § 1983 based on violations of the following constitutional rights: (1) "Fourth Amendment … illegal search and seizure" and/or "wrongful arrest"; (2) due process; (3) Sixth Amendment right to a speedy trial; (4) Sixth Amendment right to effective assistance of counsel; (5) "Seventh … Amendment

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:24-cv-00648-SVW-KES                          Date: April 10, 2024
                                                                                Page 2

[right] to a jury trial in [a] civil lawsuit"; (6) Eighth Amendment right not to be subject to cruel and unusual punishment; (7) Eleventh Amendment right "to suits against States"; (8) Fourteenth Amendment right to equal protection. (Dkt. 1 at 5, 9.)  The Complaint also seeks damages for "defamation of character."  (Id. at 9.)

The Complaint appears to raise seven separate claims, which Plaintiff numbers 1 through 7. (Compl. at 5-8.)

      **B.**    <u>Claim #1</u>

Plaintiff alleges that Defendant Horta "snatched Plaintiff out of his car without telling Plaintiff about a bench warrant Plaintiff had from a case from 2010, that Plaintiff received a hung jury on."  (Compl. at 5.)  He alleges that Defendants Ramos and Doe were also "involved in this unlawful act…."  (Id.)  He cites "body camera footage from <u>The People of California v. Ian Cormier</u>, case # RIM 2305989…."  (Id.)

The public docket from that state court case[1] shows that Plaintiff was charged with one count of resisting arrest under California Penal Code § 148(A)(1) on May 15, 2023.  The case proceeded to a jury trial in February 2024, and Plaintiff was acquitted.

      **C.**    <u>Claim #2</u>

Plaintiff alleges that he "has been living in his car ever since his thirty-four (34) month incarceration without a conviction, and [his] release of about August 20th, 2021.  Roughly six lawyers … from the conflict committee failed to move Plaintiff's case forward…."  (Compl. at 6.)  He alleges he "was denied his [rights to] due process, equal protection of the law, a speedy trial, effective assistance of counsel, a jury trial which amounted to cruel and unusual punishment, [his] 11th … Amendment [rights] (see <u>Cormier v. Riverside County District Attorney's Office</u> … No. 5:21-cv-01654-SVW-AFM [(C.D. Cal.)]), [and his] 14th Amendment [right] to equal protection of the law…"  (Compl. at 5-6.)

The 34-month incarceration Plaintiff references appears to have been connected with RCSC criminal case no. RIF1804646.  The public docket for that case shows that in October 2018, Plaintiff was charged with failing to comply with the sex offender registration requirements in California Penal Code §§ 290.013(a) and 290.011(b).  The charges were later dismissed.  The date in August 2021 when Plaintiff alleges he was released from custody would have been about 34 months after the charges were filed.

---

[1] Dockets for RCSC cases are publicly available online at: https://public-access.riverside.courts.ca.gov/OpenAccess/CaseSearch.asp.  The Court takes judicial notice of these records.  See Fed. R. Evid. 201; <u>Harris v. Cty. of Orange</u>, 682 F.3d 1126, 1132 (9th Cir. 2012).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:24-cv-00648-SVW-KES                                  Date: April 10, 2024
                                                                                        Page 3

In the cited federal civil rights case, Plaintiff raised § 1983 claims "pertain[ing] to events that occurred in 1985, 1992, 2007-2011, and 2018," including "allegations concerning multiple arrests (at least some of which he allege[d] were wrongful); 'bogus' criminal charges; wrongful convictions; judicial misconduct; and ineffective assistance of counsel." Cormier, No. 5:21-cv-01654-SCV-AFM, Dkt. 7 (order dated Nov. 8, 2021). The federal court dismissed the complaint, finding that: (a) the district attorney defendants were entitled to absolute immunity for damages claims arising from criminal prosecutions against Plaintiff; (b) the public defender defendants were not state officials under § 1983; (c) the claims seeking to have Plaintiff's criminal convictions set aside were more properly raised in a habeas corpus petition and barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); (d) claims that arose before August 2017 were barred by the statute of limitations; and (e) the complaint violated Federal Rule of Civil Procedure 8. Cormier, No. 5:21-cv-01654-SCV-AFM, Dkt. 7 (order dated Nov. 8, 2021). Plaintiff appealed, and the U.S. Court of Appeals for the Ninth Circuit affirmed the dismissal, finding that "the federal claims were too insubstantial to confer jurisdiction." Id., Dkt. 13 (memorandum opinion dated May 31, 2022).

    **D.**    **Claim #5**[2]

Plaintiff alleges, "Because [he] had been denied his due process, and equal protection of the law, while being retained in lock-up for roughly thirty-four months from the wrongful arrest from [Cormier, No. 5:21-cv-01654-SCV-AFM], [his] first cousin … took over Plaintiff's full-time job as care provider for Plaintiff's handicapped mother and brother" and "relinquished our lease of twelve years against Plaintiff's wishes." (Compl. at 7.)

    **E.**    **Claim #3**

Plaintiff alleges that Defendants Leon and Gil arrested him for stabbing someone in the neck with a screwdriver, even though Plaintiff claimed it was in self-defense. (Compl. at 6.) Plaintiff alleges he was "denied his due process and equal protection of law in that case" and "was retained in lock-up for eighteen months," which "compelled [him] to draw up a [42] U.S.C. § 1983" complaint, which he filed in this Court in Cormier v. Moreno Valley Police Dep't, No. 5:11-cv-00888-SVW-AN (C.D. Cal.). (Compl. at 6.)

Plaintiff filed the cited federal § 1983 case in this court in June 2011. Cormier, No. 5:11-cv-00888-SVW-AN, Dkt. 1. At that time, it appears he was a pretrial detainee being held on a charge of assault with a deadly weapon in RCSC case no. RIF10004698. Id., Dkt. 11 (order noting Plaintiff was a pretrial detainee); People v. Cormier, No. E053579 (Cal. App. Mar. 5,

_____

[2] The Court discusses Claim #5 out of numerical order because it appears to be factually related to Claim #1.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:24-cv-00648-SVW-KES                    Date: April 10, 2024
                                                  Page 4

2012) (discussing procedural history of the criminal case).[3]

      In the federal § 1983 case, Plaintiff sought "monetary damages under 42 U.S.C. § 1983 against the Moreno Valley Police Department, the Riverside District Attorney, the Riverside Public Defender[,] and the Riverside County Sheriff after being arrested and charged with assault on a police officer"; he alleged in part "that police officers utilized excessive force in arresting [him] and restraining him in jail and in Court."  Cormier, No. 5:11-cv-00888, Dkt. 11 (order dated Aug. 31, 2011).  Plaintiff filed a fourth amended complaint in April 2013, but then voluntarily dismissed the case in December 2013.  Id., Dkt. 67, 76, 77.[4]

    **F.**    **Claim #4**

      Plaintiff alleges he was "falsely accused of the crime of forced oral copulation on a child under the age of 14 years old."  (Compl. at 7.)  He alleges that his accuser's testimony was not credible; that the presiding judge, N. Jones, gave an improper jury instruction and improperly admitted hearsay evidence; and that his attorney did not request a mistrial, even though "[a]ny competent attorney" would have done so.  (Id.)

      This claim also cites a prior federal civil rights action he filed in this Court, Cormier v. Comey, No. 5:19-cv-01198-SVW-AFM (C.D. Cal.).  In the first amended complaint from that case, he alleged, "On or about July 1985, [he] was arrested in San Diego California" for "charges of forced oral copulation."  Id., Dkt. 20 at 5, 7-9 (raising similar claims about Judge Jones and jury instructions).  The court dismissed the action, finding, in relevant part, that the claims arising from events in 1985 and 1986 were barred by the statute of limitations.  Id., Dkt. 22 at 5-7 (report & recommendation dated Jan. 16, 2020); Dkt. 24 (order accepting recommendation dated Feb. 13, 2020).  Plaintiff appealed, and the appeal was dismissed as frivolous.  Id., Dkt. 31; Cormier v. Comey, No. 20-55320 (9th Cir. Aug. 21, 2020).

    **G.**    **Claim #6**

      Plaintiff alleges that he filed a "§ 1983 civil complaint … in San Diego federal court in about 1998."  (Compl. at 8.)  "Plaintiff changed jurisdiction when [he] moved to Moreno Valley

---

    [3] In December 2010, Plaintiff's attorney declared a doubt as to his competence to stand trial; the trial court ordered Plaintiff placed at Patton State Hospital and authorized the involuntary administration of medication.  People v. Cormier, No. E053579 (Cal. App. Mar. 5, 2012) (denying relief in Plaintiff's appeal challenging these rulings).  The RCSC docket shows that the trial court later found Plaintiff's competency had been restored, and in March 2012 a jury found Plaintiff guilty of the charge.

    [4] The court twice dismissed the civil rights action on the grounds that Plaintiff had three strikes under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).  However, the Ninth Circuit reversed those dismissals.  Cormier, No. 5:11-cv-00888, Dkt. 11, 17, 18, 24.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:24-cv-00648-SVW-KES                                    Date: April 10, 2024
                                                                                  Page 5

soon afterwards, where Plaintiff inadvertently filed said complaint in [the RCSC]…. Instead of … informing Plaintiff that the federal courthouse was around the corner … [the RCSC] gave Plaintiff a bench trial, where Judge Carol A. Greene ruled against Plaintiff….” (Id.)

This federal § 1983 case appears to have been about another state court criminal case, because Plaintiff alleges, “Monterey Superior Court found Plaintiff not guilty of false allegations of Lynn Williams and Kenneth Selph” who “fabricat[ed] that Plaintiff attacked them when [he] was thirty-one … days from paroling.” (Id.)  Plaintiff notes that he filed the federal § 1983 action “before that Monterey Superior Court came back with its not guilty verdict.” (Id.)

In this claim, Plaintiff cites a prior federal civil rights lawsuit in this court, <u>Cormier v. Williams</u>, No. 5:20-cv-1877-SVW-AFM (C.D. Cal.).  In that action, Plaintiff alleged, “In roughly 1992, … roughly one month before [his] release from prison … [he] was attacked by Correctional Officer[s]” Williams and Selph; he further alleged that he was “prosecute[d] … in Monterey Superior Court” but “the jury acquitted [him] in record-breaking time….” <u>Id.</u>, Dkt. 1 at 5.  This court dismissed the action on the grounds that Plaintiff had three strikes under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).  <u>Id.</u>, Dkt. 8 (order dated Mar. 11, 2021).  Plaintiff appealed, and the Ninth Circuit affirmed the dismissal.  <u>Id.</u>, Dkt. 13; <u>Cormier v. Williams</u>, No. 21-55308 (9th Cir. May 31, 2022).

**H.**     <u>**Claim #7**</u>

Plaintiff alleges that he “filed these aforementioned five … § 1983 civil complaints at the Riverside County [federal] courthouse and paid the filing fees on all these cases once released on [or] about 8/20/2021, to have all these cases dismissed because Plaintiff had accrued three strikes….” (Compl. at 8.)  He argues, “Plaintiff paying the filing fees before the Court’s three strikes ruling should’ve been moot, considering Plaintiff paying the filing fees before the dismissals [sic].” (Id.)

**II.**     **FAILURE TO COMPLY WITH RULE 8**

**A.**     <u>**Legal Standard**</u>

Federal Rule of Civil Procedure 8 requires a complaint to include: (1) “a short and plain statement of the claim showing that the [plaintiff] is entitled to relief”; and (2) “a demand for the relief sought, which may include relief in the alternative or different types of relief.” Fed. R. Civ. P. 8(a)(2)-(3).  The reader must be able to “determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery.” <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178 (9th Cir. 1996).

To comply with Rule 8, “[a] plaintiff who sues multiple defendants must allege the basis of his claim against each defendant.” <u>Culinary Studios, Inc. v. Newsom</u>, 517 F. Supp. 3d 1042, 1074 (E.D. Cal. 2021).  In other words, a pleading must “allege what role each Defendant played

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:24-cv-00648-SVW-KES                                   Date: April 10, 2024
                                                                 Page 6

in the alleged harm." Id. (citing Inman v. Anderson, 294 F. Supp. 3d 908, 919 (N.D. Cal. 2018)). This requirement ensures that each defendant is given fair notice of what claims they are facing and the grounds upon which they rest. See Gen-Probe, Inc. v. Amoco Corp., Inc., 926 F. Supp. 948, 961 (S.D. Cal. 1996) (noting that "lumping together of multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)") (citing Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988)).

        In a § 1983 case involving a government agency and government actors in their individual capacities, "'it is particularly important . . . that the complaint makes clear exactly who is alleged to have done what to whom, [in order] to provide each individual with fair notice[.]'" Salcido v. County of Madera, No. 10-cv-195, 2010 U.S. Dist. LEXIS 121563 at *7, 2010 WL 4878809 at *3 (E.D. Cal. Nov. 16, 2010) (quoting Bryson v. Gonzales, 534 F.3d 1282, 1290 (10th Cir. 2008)); see also Wong v. United States INS, 373 F.3d 952, 967 (9th Cir. 2004). Thus, a complaint "may not attribute liability to a group of defendants, but must 'set forth specific facts as to each individual defendant's' deprivation of his rights." Hallal v. Seroka, No. 18-cv-388, 2018 U.S. Dist. LEXIS 121871 at *6, 2018 WL 3528709 at *3 (E.D. Cal. July 20, 2018) (quoting Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988)). This is because § 1983 requires "a showing of personal participation in the alleged rights deprivation." Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002); see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. … Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

**B.      Analysis**

        Plaintiff's Complaint violates Rule 8 because it is not clear what claims he is bringing against which Defendants. As noted above, the Defendants named in the Complaint are three Riverside County Sheriff's Deputies and two Moreno Valley Police Department detectives. (Compl. at 3-4.) Claims #2, #4, #5, #6, and #7 do not mention these Defendants at all and appear to be about incidents that did not involve them.

        Claim #1 (the May 2023 arrest) and Claim #3 (the 2011 screwdriver stabbing) do discuss some incidents involving these Defendants, but it is not clear how the facts support the legal theories Plaintiff cites. For example, Claim #3 alleges that Defendants Leon and Gil arrested Plaintiff for assault with a deadly weapon, and that Plaintiff was "denied his due process and equal protection of law." (Compl. at 6.) The Complaint does not explain what actions Defendants Leon and Gil took or failed to take that caused his due process and equal protection rights to be violated. The facts alleged suggest their actions or omissions happened in or before 2011.

        Because Plaintiff may be able to cure these defects by amendment, the Court will grant him leave to file a First Amended Complaint. See generally Lopez v. Smith, 203 F.3d 1122,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:24-cv-00648-SVW-KES                                    Date: April 10, 2024
                                                                   Page 7

1126-30 (9th Cir. 2000) (en banc) (where the plaintiff is <u>pro se</u>, leave to amend should be granted, "even if no request to amend the pleading was made, unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts").  When amending his Complaint, he should also consider the issues discussed below.

## III.     FAILURE TO COMPLY WITH JOINDER RULES

### A.     <u>Legal Standard</u>

        In cases of misjoinder, "On motion or on its own, the court may at any time, on just terms, add or drop a party" or "sever any claim against a party."  Fed. R. Civ. P. 21.  "Because Rule 21 provides no standards to determine if parties are misjoined, courts look to Rule 20 for guidance."  <u>Dunbar v. Medtronic, Inc.</u>, No. 14-cv-01529-RGK-AJW, 2014 WL 3056081 at *2, 2014 U.S. Dist. LEXIS 94918 at *4 (C.D. Cal. June 25, 2014).  Rule 20 provides that defendants may be joined in one action if:

>        (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

>        (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  "[T]he mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact."  <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1351 (9th Cir. 1997).

        In cases of misjoinder, Rule 21 gives the court discretion to, "on just terms" either add a party, drop a party, or sever any claim against a party."  Fed. R. Civ. P. 21.  The effect of each option is quite different:

>        "When a court 'drops' a [party] under Rule 21, that [party] is dismissed from the case without prejudice." … "When that occurs, the statute of limitations is not tolled because we treat the initial complaint as if it never existed." … "But when a court 'severs' a claim against a [party] under Rule 21, the suit simply continues against the severed [party] in another guise." … "The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period."

<u>Corley v. Google, Inc.</u>, 316 F.R.D. 277, 293 (N.D. Cal. 2016) (quoting <u>DirecTV, Inc. v. Leto</u>, 467 F.3d 842, 845 (3d Cir. 2006)).

        "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim [or party], may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:24-cv-00648-SVW-KES                                    Date: April 10, 2024
                                                                             Page 8

under Rule 21 is restricted to what is 'just.'"  Id. (quoting DirecTV, 467 F.3d at 845).  "[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'"  Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (quoting DirecTV, 467 F.3d at 846-47).  "Other relevant factors include (1) 'where the parties are in the discovery process' and (2) 'the past and future expenditures of both the court and the parties.'"  Barbic v. Chirinos, No. 20-cv-07071-FLA-JC, 2022 U.S. Dist. LEXIS 238931 at *19, 2022 WL 18832091 at *6 (C.D. Cal. Oct. 27, 2022), report & recommendation adopted, 2023 U.S. Dist. LEXIS 29831, 2023 WL 2167367 (C.D. Cal. Feb. 22, 2023) (quoting Owens v. Banuelos, No. 19-cv-1683, 2022 U.S. Dist. LEXIS 117281 at *11-12, 2022 WL 2392950 at *5 (E.D. Cal. July 1, 2022), report and recommendation adopted, 2022 U.S. Dist. LEXIS 183436, 2022 WL 5247608 (E.D. Cal. Oct. 6, 2022)).

   B.   **Analysis**

      As currently drafted, the Complaint fails to comply with the joinder rules, because it appears to contain seven separate claims that are not factually related to each other.  As discussed above, the factual basis of the claims appears to be as follows:

| Claim # | Factual Basis |
|---------|---------------|
| 1 | May 2023 arrest by Defendants Horta, Ramos and Doe and/or resulting criminal charges |
| 2, 5 | Plaintiff's 2018-2021 criminal prosecution and/or incarceration for failure to comply with sex offender registration requirement; related federal civil rights case Plaintiff filed in this court in 2021 |
| 3 | Plaintiff's 2010-2011 arrest, criminal prosecution, and/or mental health hold; related federal civil rights case Plaintiff filed in this court in 2011 |
| 4 | 1985 criminal prosecution of Plaintiff for forced oral copulation on a child; related federal civil rights case he filed in this court in 2019 |
| 6 | 1992 criminal prosecution against Plaintiff; federal civil rights lawsuits he filed in this court in 2020 and in San Diego in 1998 |
| 7 | This court's dismissals of the above-mentioned federal civil rights lawsuits, even though Plaintiff paid the filing fee |

      Plaintiff appears to be alleging that many of these incidents violated the same constitutional rights.  (See Compl. at 5 (listing the rights Plaintiff's believes were violated, e.g., his right to due process and equal protection).)  This does not establish a common question of law or fact.  See Coughlin, 130 F.3d at 1351.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:24-cv-00648-SVW-KES                    Date: April 10, 2024
                                                                                 Page 9

At this time, the Court does not decide whether dropping or severing parties is the more appropriate result because, for the reasons discussed above, the Complaint is subject to dismissal for non-compliance with Rule 8.  In amending his Complaint, Plaintiff should either (a) voluntarily dismiss the Defendants and/or claims that are improperly joined, or (b) explain to the Court why they meet the joinder test discussed above.[5]

## IV.    ELEVENTH AMENDMENT IMMUNITY

### A.    <u>Legal Standard</u>

The Eleventh Amendment bars suits against a state in federal court unless the state has consented to the filing of the suit.  <u>Seminole Tribe of Fla. v. Florida</u>, 517 U.S. 44, 54 (1996); <u>Alabama v. Pugh</u>, 438 U.S. 781, 781 (1978).  It applies to claims brought under 42 U.S.C. § 1983.  <u>L.A. Branch NAACP v. L.A. Unified School Dist.</u>, 714 F.2d 946, 950 (9th Cir. 1983) (citing <u>Quern v. Jordan</u>, 440 U.S. 332, 342 (1979)).

A district court "may raise <u>sua</u> <u>sponte</u> the applicability of Eleventh Amendment immunity."  <u>Moreno v. Thomas</u>, 490 F. Supp. 2d 1055, 1059 n.2 (C.D. Cal. 2007); <u>see also</u> <u>Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.</u>, 810 F.2d 869, 873 n.2 (9th Cir. 1987) ("The Eleventh Amendment may be described as either creating an immunity for states or establishing a jurisdictional limitation on federal courts. …  Like a jurisdictional bar and unlike a traditional immunity, however, the effect of the Eleventh Amendment must be considered <u>sua</u> <u>sponte</u> by federal courts.").

### B.    <u>Analysis</u>

It is not clear whether Plaintiff intended to name the State of California as a Defendant, because the State is in the caption of the Complaint but not in the list of Defendants.  (Compl. at 1, 3-4.)  If he did, the Complaint's § 1983 claims against the State are barred by Eleventh Amendment immunity.

---

[5] In deciding which claims to pursue in this action, Plaintiff should keep in mind that § 1983 claims arising in California are governed by a two-year statute of limitations.  See <u>Owens v. Okure</u>, 488 U.S. 235, 236 (1989); <u>Canatella v. Van De Kamp</u>, 486 F.3d 1128, 1132 (9th Cir. 2007); Cal. Code Civ. Proc. § 335.1.  Based on the current Complaint, it appears that the § 1983 claims arising from his 2018 criminal case (Claims #2 and #5), his 2011 criminal case (Claim #3), his 1985 criminal case (Claim #4), and his 1998 federal civil rights case (Claim #6) may be barred by the statute of limitations.  The § 1983 claim(s) arising out of his May 2023 arrest (Claim #1) likely would not be time-barred.  If Plaintiff wants to bring claims that accrued many years ago, the First Amended Complaint should allege facts (if any exist) showing that they are not barred by the statute of limitations.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:24-cv-00648-SVW-KES                                      Date: April 10, 2024
                                                                         Page 10

## V.      CONCLUSION

IT IS HEREBY ORDERED that the Complaint (Dkt. 1) is **dismissed without prejudice and with leave to amend**.  On or before **May 6, 2024**, Plaintiff shall do one of the following:

1.  File a First Amended Complaint that attempts to remedy the defects identified in the Complaint.  If Plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned to this case (5:24-cv-00648-SVW-KES), be labeled "First Amended Complaint," and be complete in and of itself without reference to the original Complaint or any other documents (except any documents that are attached to the First Amended Complaint as exhibits).

2.  If Plaintiff disagrees with the analysis in this screening order and/or believes he cannot add any more factual allegations to his Complaint, then he may file a notice of intent to proceed with the Complaint.  If Plaintiff chooses to file such a notice, then the Magistrate Judge may recommend that the District Judge dismiss the Complaint without further leave to amend.

**If Plaintiff fails to timely respond to this order by exercising one of these options, this action may be dismissed for failure to obey court orders and/or failure to prosecute.**

The Clerk is directed to provide Plaintiff with a copy of Form CV-066 for filing federal civil rights complaints.

Initials of Deputy Clerk JD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:24-cv-00648-SVW-KES                    Date: April 10, 2024
                                                  Page 11

### TIPS FOR WRITING BETTER COMPLAINTS

**1.      Plead "Facts" Rather than Just "Conclusions or Labels."**

        Your Complaint should include a label or conclusion that identifies your legal claim *and* the facts supporting it.  To make sure that you have both, you need to understand the difference between them. The following examples illustrate the difference:

| Pleading Conclusions or Labels | Pleading Facts |
|---|---|
| Officer Smith used excessive force. | Officer Smith punched me in the face while I was handcuffed. |
| Nurse Jones acted with deliberate indifference. | I saw Nurse Jones at the clinic.  I told her I was bleeding and she could see that I was bleeding, but she did nothing to help me until I passed out. |
| The Mayor violated my First Amendment rights. | When I posted a comment criticizing the Mayor's failure to enact police reforms, the Mayor deleted my comment and blocked me from posting future comments. |
| The officers conducted an unreasonable search. | The officers had a warrant to search for a stolen car, but they searched areas of my house where they knew they would not find a stolen car.  They searched all my kitchen cabinets and drawers. |
| Defendant injured me.  Defendant assaulted me. | Defendant kicked me in the shin, causing me to trip and break my wrist. |

        Imagine that you hired a group of actors to reenact the wrongdoing that happened to you. If you only gave them the information in left-hand column, then they could not act out the scene. If you gave them the information in the right-hand column, then they would know how to act out the scene.  As a general rule, you should include enough facts in your Complaint that an actor reading it could act out what happened to you.

**2.      Identify Who Did What.**

        One way to identify who did what is to avoid using "passive" verbs.  Consider these two sentences, the first of which uses a passive verb:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:24-cv-00648-SVW-KES                                     Date: April 10, 2024
                                                                                              Page 12

I was hit by the ball.

My brother hit me with the ball.

The first sentence does not say who hit me.  The second sentence, however, reveals that my brother is the person who hit me.  Allegations in a complaint should be phrased like the second sentence.  If you do not know the name of the person who acted wrongfully, then you can refer to them as "Doe."  For example, you might refer to two unknown correctional officers as "CO Doe 1" and "CO Doe 2."

Another way to identify who did what is to use particular a Defendant's name rather than a group pronoun (like "they") or lumping all the Defendants together.  For example:

| Unclear Who Did What | Clear Who Did What |
|---|---|
| Defendants searched my cell and took my property. | CO Smith and CO Jones searched my cell. When I came back, everything was out of place and my radio was gone.  I believe one of them took it. |
| They refused my request for Kosher meals. | I submitted a request for Kosher meals and was interviewed by the chaplain.  I later received a written denial of my request signed by Sgt. Smith. |
| I was denied necessary medical equipment. | I told Dr. Jones that my feet hurt and requested that she authorize orthotic inserts for my shoes, but she refused to do so. |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:24-cv-00648-SVW-KES                                    Date: April 10, 2024
                                                                  Page 13

| Free Legal Help for People without an Attorney | | |
|---|---|---|
| <u>**Los Angeles**</u> | <u>**Santa Ana**</u> | <u>**Riverside**</u> |
| *Location:*<br>Edward Roybal R. Federal Building and Courthouse<br>255 East Temple Street<br>Suite 170 (Terrace Level)<br>Los Angeles, CA 90012 | *Location:*<br>Ronald Reagan Federal Building and Courthouse<br>411 W. 4th Street<br>Room 1055 (1st Floor)<br>Santa Ana, CA 92701 | *Location:*<br>George E. Brown Federal Building<br>3420 Twelfth Street<br>Room 125<br>Riverside, CA 92501 |
| *Hours by appointment only:*<br>Monday, Wednesday, and Friday<br>9:30 am - 12:00 pm and 2:00 pm - 4:00 pm<br><br>To make an appointment or for more information, contact Public Counsel at:<br>(213) 385-2977, Ext. 270 | *Hours:*<br>Tuesday 1-4 p.m. (virtual by phone or Zoom)<br>Thursday 10 a.m.-12 p.m. and 1:30 - 3:30 p.m. (in person at the courthouse)<br><br>For more information, contact Public Law Center at:<br>(714) 541-1010, Ext. 222 | *Hours:*<br>Tuesday and Thursday 10 a.m. - 2 p.m.<br><br><br><br>For more information, contact Public Service Law Corporation at:<br>(951) 682-7968 |

**Due to the COVID-19 pandemic, the clinics' offices in the federal courthouses may be closed. Any litigant seeking legal services should contact their local clinic to determine whether the clinic is open, or is offering legal advice via phone or email.**

**Visit the Court's website for further information:**
**http://prose.cacd.uscourts.gov/federal-pro-se-clinics**

_____
FULL NAME

_____
COMMITTED NAME (if different)

_____
FULL ADDRESS INCLUDING NAME OF INSTITUTION

_____

_____
PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PLAINTIFF, | CASE NUMBER |
| | _____ |
| v. | *To be supplied by the Clerk* |
| | **CIVIL RIGHTS COMPLAINT** |
| DEFENDANT(S). | **PURSUANT TO** *(Check one)* |
| | ☐ 42 U.S.C. § 1983 |
| | ☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes   ☐ No

2.  If your answer to "1." is yes, how many? _____

    Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:
   Plaintiff _____

   _____

   Defendants _____

   _____

b. Court _____

   _____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it
   appealed?  Is it still pending?) _____

f. Issues raised: _____

   _____

   _____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____


## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint
   occurred?  ☐ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed?  ☐ Yes    ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
(print plaintiff's name)

who presently resides at _____,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
(institution/city where violation occurred)

on (date or dates) _____, _____, _____.
(Claim I)                    (Claim II)                    (Claim III)

**NOTE**:     You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

2.   Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

3.   Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

4.  Defendant _____ resides or works at
                    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____


5.  Defendant _____ resides or works at
                    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**D. CLAIMS\***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E.  REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


_____         _____
        *(Date)*                          *(Signature of Plaintiff)*