1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11 | IAN LAMONTE CORMIER,

12 |       Plaintiff,

13 | v.

14 | THE PEOPLE OF THE STATE OF

15 | CALIFORNIA, et al.

16 |       Defendants.

Case No. 5:24-cv-00648-SVW-KES

ORDER DISMISSING ACTION
WITHOUT PREJUDICE FOR LACK
OF PROSECUTION

17
18
19

**I.**

20

**BACKGROUND**

21       On March 27, 2024, Ian LaMonte Cormier ("Plaintiff") filed a <u>pro</u> <u>se</u> civil

22 rights complaint under 42 U.S.C. § 1983 ("Complaint" at Dkt. 1).  On April 10,

23 2024, the Court dismissed the Complaint, finding that it (a) failed to comply with

24 Federal Rule of Civil Procedure 8; (b) improperly joined multiple, unrelated claims

25 in a single lawsuit; and (c) appeared to bring claims barred by Eleventh

26 Amendment immunity.  (Dkt. 3.)  However, the Court granted Plaintiff leave to

27 amend the Complaint.  (<u>Id.</u>)

28

Plaintiff did not file a First Amended Complaint or a notice of intent to proceed with the initial Complaint.  Instead, on April 19, 2024, he filed a notice of appeal.  (Dkt. 4.)

On April 25, 2024, the Court informed Plaintiff that a dismissal with leave to amend is not an appealable order.  (Dkt. 7 at 2.)  The Court ordered that on or before May 20, 2024, Plaintiff should do one of the following:

1. File a First Amended Complaint that attempts to remedy the defects identified in the Complaint.  If Plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned to this case (5:24-cv-00648-SVW-KES), be labeled "First Amended Complaint," and be complete in and of itself without reference to the original Complaint or any other documents (except any documents that are attached to the First Amended Complaint as exhibits).

2. If Plaintiff disagrees with the analysis in the April 10, 2024 screening order and/or believes he cannot add any more factual allegations to his Complaint, then he may file a "Notice of Intent Not to File an Amended Complaint."  If Plaintiff chooses to file such a notice, then the Magistrate Judge may recommend that the District Judge enter a final, appealable order dismissing the Complaint without leave to amend.

(Id.)

As of the date of this order, the Court has not received any further filings from Plaintiff.

## II.

## LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules.  See Fed. R.

Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  Central District of California Local Rule 41-1 provides, "Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."[1]

The Court has discretion to dismiss the action with or without prejudice.  See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," or certain exceptions apply, a dismissal pursuant to Federal Rule of Civil Procedure 41(b) "operates as an adjudication on the merits"); Local Rule 41-2 ("[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice"); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits.  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).  The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

---

[1] The Local Rules of the U.S. District Court for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

1

2

### III.

### DISCUSSION

3     Despite the pending appeal in the Ninth Circuit, this Court retains jurisdiction

4 to dismiss this case. "As a general rule, '[t]he filing of a notice of appeal is an

5 event of jurisdictional significance—it confers jurisdiction on the court of appeals

6 and divests the district court of its control over those aspects of the case involved in

7 the appeal.'" Est. of Conners by Meredith v. O'Connor, 6 F.3d 656, 658 (9th Cir.

8 1993) (citation omitted). "This transfer of jurisdiction from the district court to the

9 court of appeals is not effected, however, if a litigant files a notice of appeal from

10 an unappealable order." Id. "[A] dismissal with leave to amend is not an

11 appealable decision." WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.

12 1997).

13     The first two factors favor dismissal. The first factor—the public's interest

14 in the expeditious resolution of litigation—"always favors dismissal." Yourish v.

15 Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor—the Court's

16 need to manage its docket—favors dismissal here because Plaintiff's

17 "noncompliance has caused [this] action to come to a complete halt, thereby

18 allowing [him] to control the pace of the docket rather than the Court." Id. (internal

19 quotations marks omitted).

20     The third factor—prejudice to Defendants—weighs in favor of dismissal,

21 although perhaps not as strongly as some of the other factors. Because this Court

22 dismissed the Complaint on screening, Defendants have not been served. See

23 Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("We have previously

24 recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself

25 to warrant dismissal."); Hunter v. Sandoval, No. 17-cv-09257-CJC-SHK, 2018 U.S.

26 Dist. LEXIS 210543 at *5, 2018 WL 6570870 at *2 (C.D. Cal. Dec. 12, 2018)

27 (finding no prejudice to a defendant who had not yet been served). On the other

28 hand, a rebuttable presumption of prejudice to the defendants arises when a plaintiff

1   unreasonably delays prosecution of an action, <u>In re Eisen</u>, 31 F.3d 1447, 1452-53

2   (9th Cir. 1994), and unnecessary delay "inherently increases the risk that witnesses'

3   memories will fade and evidence will become stale."  <u>Pagtalunan</u>, 291 F.3d at 643.

4         The fourth factor—availability of less drastic sanctions—favors dismissal.

5   The Court's prior orders warned Plaintiff that failure to respond might result in a

6   dismissal of this action.  (Dkt. 3, 7.)  <u>See Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262

7   (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the

8   court's order will result in dismissal can satisfy the 'consideration of alternatives'

9   requirement") (citation omitted).

10        The fifth factor—public policy favoring a disposition of an action on its

11   merits—arguably weighs against dismissal here.  <u>Pagtalunan v. Galaza</u>, 291 F.3d

12   639, 643 (9th Cir. 2002).  However, the effect of this factor is somewhat mitigated

13   by the fact that Plaintiff's Complaint failed to state a claim for relief for the reasons

14   explained in the Court's April 10, 2024 dismissal order.  (Dkt. 3.)

15        Given that the enumerated factors largely support dismissal, this action will

16   be dismissed pursuant to Rule 41(b) and Local Rule 41-1.  Considering all of the

17   circumstances, and in particular given that Plaintiff is proceeding <u>pro se</u>, the

18   dismissal shall be without prejudice.

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

5

**IV.**

**CONCLUSION**

IT IS THEREFORE ORDERED that Judgment will be entered dismissing this action without prejudice for failure to prosecute.

DATED: _July 1, 2024_

_____

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE